**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT**<br>**OPPORTUNITY COMMISSION,** | ) )  ) | **CIVIL ACTION NO.  3:07cv00060** |
| **Plaintiff,** | ) ) | **COMPLAINT** |
| **v.** | ) ) | **JURY TRIAL DEMAND** |
| **LEBO'S SHOE STORE, INC.,** | ) ) | |
| **Defendant.** | ) ) | |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Elizabeth Monk who was adversely affected by such practices.  Specifically, Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), alleges that Defendant, Lebo's Shoe Store, Inc. ("Defendant"), discriminated against Elizabeth Monk by failing to hire her because of her sex, female (pregnancy).

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

<u>PARTIES</u>

3.      Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has been a North Carolina corporation doing business in the State of North Carolina and the City of Charlotte, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

<u>STATEMENT OF CLAIMS</u>

6.      More than thirty days prior to the institution of this lawsuit, Elizabeth Monk filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      On or about June 6, 2005, Defendant engaged in unlawful employment practices at its Charlotte, North Carolina facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1).  Specifically, Defendant failed to hire Elizabeth Monk, or in the alternative withdrew an offer of employment to Ms. Monk, for the position of Assistant Manager because of her sex, female (pregnancy).  Around June 5, 2005, Ms. Monk informed Defendant that she was pregnant.  Around June 6, 2005, Defendant informed Ms. Monk that Defendant was not going to hire her because of her pregnancy and associated maternity leave.  At the time of Defendant's decision, Ms. Monk was fully qualified and able to perform the duties of the job.  Upon

2

information and belief, a non-pregnant female was hired for the Assistant Manager position sought by Ms. Monk.

8.     The effect of the practices complained of in paragraph 7 above has been to deprive Ms. Monk of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female (pregnancy).

9.     The unlawful employment practices complained of in paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Ms. Monk.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a  permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex, including pregnancy.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, including pregnant employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Elizabeth Monk by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices,  including but not limited to reinstatement or front pay.

D.     Order Defendant to make Elizabeth Monk whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

3

paragraph 7 above, including but not limited to medical expenses and job search expenses, in amounts to be determined at trial.

   E.  Order Defendant to make Elizabeth Monk whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

   F.  Order Defendant to pay Elizabeth Monk punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

   G.  Grant such further relief as the Court deems necessary and proper in the public interest.

   H.  Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 5th day of February, 2007.

        Respectfully submitted,

        RONALD S. COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C.  20507

4

  **s/ Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar No. 19732)
Regional Attorney
Email - lynette.barnes@eeoc.gov

TINA BURNSIDE (WI Bar No. 1026965)
Supervisory Trial Attorney

  **s/ Kara Gibbon Haden**
KARA GIBBON HADEN (NC Bar No. 26192)
Senior Trial Attorney
Email - kara.haden@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:    704.344.6887
Facsimile:    704.344.6780

ATTORNEYS FOR PLAINTIFF