IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 3:07CV00060 |
| Plaintiff, | ) ) ) | CONSENT DECREE |
| v. | ) ) | |
| LEBO'S SHOE STORE, INC., | ) ) | |
| Defendant. | ) ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant Lebo's Shoe Store, Inc. ("Defendant") failed to hire Elizabeth Monk for the position of Assistant Manager because of her sex, female (pregnancy).

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Commission's complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay to Elizabeth Monk the total sum of Thirty Thousand Dollars ($30,000.00) in settlement of the claims raised in this action. Fifteen Thousand Dollars ($15,000.00) is allocated as back wages, and Fifteen Thousand Dollars ($15,000.00) is allocated as compensatory damages. Defendant shall make payment by issuing checks payable to Elizabeth Monk as follows: within fifteen (15) days after the Court approves this Consent Decree, a check in the amount of Fourteen Thousand Two Hundred Fifty Dollars ($14,250.00), less appropriate tax and other legally required withholdings; within forty-five (45) days after the Court approves this Consent Decree, a check in the amount of Fourteen Thousand Two Hundred Fifty Dollars ($14,250.00), less no withholdings; and within sixty (60) days after the Court approves this Consent Decree, Fifteen Hundred Dollars ($1,500.00) to be paid by two checks, one in the amount of Seven Hundred Fifty Dollars ($750.00), less appropriate tax and other legally required withholdings, and one in the amount of Seven Hundred Fifty Dollars ($750.00), less no withholdings. Defendant shall mail the checks to Ms. Monk at an address provided by the Commission. Within ten (10) days after a check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W.

Trade Street, Suite 400, Charlotte N.C., 28202, a copy of each check and proof of its delivery to Ms. Monk.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Elizabeth Monk any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 140-2005-07011, and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Within ninety (90) days of the entry of this Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination based on pregnancy. Defendant shall distribute to its current employees a copy of its policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute its policy to each new employee and train each new employee on the policy at the time of hire.

6. During the term of this Decree, Defendant shall post a copy of its policy described in paragraph 5, supra, in all of its facilities in a place where it is visible to employees. Within ten (10) days after the Consent Decree is entered, Defendant will post its policy and notify the Commission that it has been posted. If a policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against discrimination based on pregnancy. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5, supra, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix A, hereby made a part of this Decree, in its facility located at 7300 Independence Boulevard in Charlotte, NC, in a place where it is visible to employees at the facility. If a Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

4

> a. The identity of each applicant for a position with Defendant who, to Defendant's knowledge, was pregnant at the time of application, including by way of identification each person's full name, social security number, last known address and telephone number, position sought, and date of application;
>
> b. For each person identified in 9.a above to whom an offer of employment was made, the date of the offer, the position offered, and whether the offer was accepted;
>
> c. For each person identified in 9.a above to whom no offer of employment was made, the date of the decision not to make an offer of employment, the full name and job title of each Defendant employee who took part in the decision, and the reason no offer of employment was made.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

11. If at anytime during the term of this Decree, the Commission believes that the Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to the Defendant. The Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the Commission and the Defendant shall have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for three (3) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of three (3) years without further action by the parties.

IT IS SO ORDERED.

Signed: March 3, 2008

Graham C. Mullen
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | LEBO'S SHOE STORE, INC., Defendant |
| | s/ Frederick M. Thurman, Jr. |
| RONALD S. COOPER<br>General Counsel | FREDERICK M. THURMAN, JR., Esq.<br>(NC Bar 26159)<br>E-mail: fthurman@slk-law.com |
| JAMES L. LEE<br>Deputy General Counsel | Shumaker, Loop & Kendrick, LLP<br>128 South Tryon Street, Suite 1800<br>Charlotte, North Carolina 28202 |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | Telephone: 704-375-0057<br>Facsimile: 704-332-1197 |
| s/ Lynette A. Barnes<br>LYNETTE A. BARNES (NC Bar 19732)<br>Regional Attorney<br>Email: lynette.barnes@eeoc.gov | |
| TINA BURNSIDE (WI Bar 1026965)<br>Supervisory Trial Attorney<br>E-mail: tina.burnside@eeoc.gov | |
| s/ Kara Gibbon Haden<br>KARA L. GIBBON HADEN (NC Bar 26192)<br>Senior Trial Attorney<br>Email: kara.haden@eeoc.gov<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: 704.344.6887<br>Facsimile: 704.344.6780 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT** ) | **CIVIL ACTION NO. 3:07CV00060** |
| **OPPORTUNITY COMMISSION,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **EMPLOYEE** |
| ) | **NOTICE** |
| **LEBO'S SHOE STORE, INC.,** ) | |
| Defendant. ) | |
| _____ ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Lebo's Shoe Store, Inc. in a case of alleged discrimination based on sex. Specifically, the EEOC alleged that Lebo's failed to hire Elizabeth Monk because of her sex, female (pregnancy), in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Lebo's Shoe Store, Inc. will comply with such federal laws in all respects. Furthermore, Lebo's Shoe Store, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-682

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2011.

**APPENDIX A**